T.C. Memo. 2008-119

UNITED STATES TAX COURT

DORIS DENISE O'DANIEL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21927-05L.                    Filed April 29, 2008.

Doris Denise O'Daniel, pro se.

<u>Elke E. Franklin</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Pursuant to section 6330(d),[1] petitioner seeks review of respondent's determination to sustain the filing of a notice of Federal tax lien (NFTL) for 1999.  After

---

[1]  All section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

concessions,[2] the sole issue remaining for decision is whether petitioner's request for interest abatement is properly before the Court.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts, the stipulation of settled issues, and the attached exhibits are incorporated herein by this reference. At the time she filed the petition, petitioner resided in Texas.

On April 19, 2005, respondent filed an NFTL regarding petitioner's 1999 tax year.

On April 20, 2005, respondent mailed petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 regarding 1999.

Petitioner timely sent respondent a Form 12153, Request for a Collection Due Process Hearing regarding 1999 (hearing request). On the hearing request, petitioner left blank the space to explain her disagreement with the NFTL. Petitioner did not attach any statement explaining her disagreement with the NFTL or attach any other document to the hearing request.

---

[2] Respondent and petitioner agree that (1) petitioner's income tax liability for 1999 is $3,737; (2) petitioner is entitled to $2,544 of withholding credits for 1999 which reduces petitioner's balance due for 1999, excluding interest, to $1,193; and (3) petitioner is not liable for additions to tax pursuant to sec. 6651(a)(1) or (2) for 1999.

On August 30, 2005, respondent mailed petitioner a letter acknowledging petitioner's request for a section 6330 hearing (hearing). Settlement Officer Deborah Glover scheduled a telephone hearing with petitioner for September 21, 2005.

On September 21, 2005, Settlement Officer Glover called petitioner to conduct the hearing but was unable to contact her. That same day, Settlement Officer Glover mailed petitioner a "last chance letter" offering her the opportunity to reschedule the hearing and send any information she wanted considered. She advised petitioner that if she did not hear from petitioner within 14 days, then Appeals would make a determination "by reviewing the Collection administrative file and whatever information you have already provided." Petitioner did not respond to the "last chance letter" and never spoke to anyone at Appeals.

On October 21, 2005, respondent issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 to petitioner regarding 1999. In the notice of determination, respondent determined to sustain the filing of the NFTL for 1999.

On November 21, 2005, petitioner petitioned the Court, raising issues regarding her underlying liability for 1999. Petitioner did not raise the issue of interest abatement in the petition.

OPINION

Section 6320 provides that the Secretary shall furnish the person described in section 6321 with written notice (i.e., the hearing notice) of the filing of a notice of lien under section 6323. Section 6320 further provides that the taxpayer may request administrative review of the matter (in the form of a hearing) within a 30-day period. The hearing generally shall be conducted consistent with the procedures set forth in section 6330(c), (d), and (e). Sec. 6320(c).

Pursuant to section 6330(c)(2)(A), a taxpayer may raise at the section 6330 hearing any relevant issue with regard to the Commissioner's collection activities, including spousal defenses, challenges to the appropriateness of the Commissioner's intended collection action, and alternative means of collection. Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, 114 T.C. 176, 180 (2000). If a taxpayer received a statutory notice of deficiency for the years in issue or otherwise had the opportunity to dispute the underlying tax liability, the taxpayer is precluded from challenging the existence or amount of the underlying tax liability. Sec. 6330(c)(2)(B); Sego v. Commissioner, supra at 610-611; Goza v. Commissioner, supra at 182-183.

Petitioner, however, raised the issue of interest abatement only after the parties reached an agreement on petitioner's

liability for income taxes and additions to tax for 1999. Petitioner did not raise this issue in the hearing request, at the hearing, or in the petition. Accordingly, we conclude that petitioner's claim for interest abatement is not properly before the Court. See Giamelli v. Commissioner, 129 T.C. 107 (2007); Magana v. Commissioner, 118 T.C. 488 (2002).

Petitioner failed to make a challenge to the appropriateness of respondent's intended collection action or offer alternative means of collection. These issues are now deemed conceded. See Rule 331(b)(4).

To reflect the foregoing,

Decision will be entered

for respondent.